```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARBARA ANN KUHL,

                Appellant,          MEMORANDUM AND ORDER
                                    07-CV-3680 (JS)
        -against-

UNITED STATES OF AMERICA,

                Appellee.
----------------------------------X
APPEARANCES:
For Appellant:      Jeffrey Herzberg, Esq.
                    Zinker & Herzberg, LLP
                    278 East Main Street, Suite C
                    PO Box 866
                    Smithtown, NY 11787

                    Fred Grafstein, Esq.
                    2061 Deer Park Avenue
                    Deer Park, NY 11729

For Appellee:       Vincent Lipari, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza, 5th Floor
                    Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

On July 31, 2007, Barbara Ann Kuhl ("Appellant" or "Kuhl") filed an appeal of United States Bankruptcy Judge Stan Bernstein's Order, dated June 27, 2007, denying Appellant's motion for costs and attorney's fees, ("June 2007 Order"), and Judge Bernstein's Order, dated July 24, 2007, denying Appellant's motion to amend or alter the June 2007 Order ("July 2007 Order"). For the reasons stated herein, the ruling of the Bankruptcy Court is AFFIRMED.

BACKGROUND

Appellant filed a voluntary petition for relief pursuant to Chapter 7 of Title 11, United States Code ("Bankruptcy Code") on February 10, 2000. Appellant's bankruptcy schedule included a tax obligation related to a 1991 income tax liability due and owing the IRS. On May 22, 2000, Appellant received a discharge in bankruptcy, and on June 14, 2000, the Bankruptcy Court ordered the case closed. Thereafter, the Internal Revenue Service ("IRS") sought to collect on the 1991 tax liability. On February 27, 2003, the IRS served Appellant's former employer with a garnishment of wages, which sought to collect $82,267.59 for the 1991 tax liability.

In response to the IRS's wage garnishment, Appellant moved to reopen her bankruptcy case to determine whether the wage garnishment was proper in light of the Bankruptcy Court's discharge of the 1991 tax liability. Appellant sought attorneys' fees and costs if the Bankruptcy Court found in her favor on the discharge of the 1991 tax liability. On May 28, 2003, the Bankruptcy Court re-opened Appellant's Chapter 7 case to enable Appellant to bring an adversary proceeding against the IRS.

Bankruptcy Judge Stan Bernstein ultimately issued a Memorandum of Decision and Order on Appellant's adversary proceedings holding that the 1991 income tax debt was discharged. Judge Bernstein further found that Appellant was not entitled to

attorneys' fees and expenses.  Appellant appealed the denial of attorneys' fees and costs to this Court.

On August 16, 2005, this Court affirmed the Bankruptcy Court's Order, and found that Appellant was not entitled to sanctions against the IRS because the IRS's actions were not willful ("August 2005 Order").  On September 6, 2005, Appellant appealed the August 2005 Order.  On appeal, the IRS raised for the first time that Appellant had failed to exhaust her administrative remedies.  On October 16, 2006, the Second Circuit issued a mandate reversing and remanding the August 2005 Order to this Court with instructions to dismiss for lack of jurisdiction because of Appellant's failure to exhaust her administrative remedies with the IRS prior to initiating the adversary proceedings.

Specifically, the Second Circuit held that Congress has conditionally waived sovereign immunity for the IRS's willful violation of a discharged debt, but in order to petition a bankruptcy court for damages, a debtor must first exhaust administrative remedies.  The Second Circuit explained that litigation and administrative costs are recoverable under 26 U.S.C. § 7430, and that statute specifically states "A judgment for reasonable litigation costs shall not be awarded . . . in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."

3

For an action involving a willful violation of "the discharge provisions under section 524 of the Bankruptcy Code," Plaintiff was required to "file an administrative claim for damages . . . with the Chief, Local Insolvency Unit, for the judicial district in which the bankruptcy petition that is the basis for the asserted . . . discharge violation was filed." 26 C.F.R. § 301.7430-1. The Second Circuit held that this exhaustion requirement was applicable to Appellant's claim for attorneys' fees, and as such, Appellant failed to exhaust her remedies because she did not send a letter detailing her claim to the IRS Insolvency Unit in the Eastern District of New York specifying Appellant's claim for attorneys' fees. "Instead, Ms. Kuhl wrote a letter that did not refer to attorneys' fees and sent it to the IRS Office in Fresno, California." (Mandate p. 9-10). The Second Circuit therefore held that Appellant's failure to exhaust deprived the Court of jurisdiction, and thus vacated the August 2005 Order with the instructions that this Court remand the matter to the Bankruptcy Court with the instruction to dismiss for lack of jurisdiction.

In accordance with the Second Circuit's mandate, this Court remanded the matter on December 28, 2006 to the Bankruptcy Court. Prior to that decision, on November 4, 2006, Appellant submitted a claim to the IRS in an attempt to exhaust her administrative remedies. On January 26, 2007, the IRS denied

4

Appellant's claim as untimely. On January 23, 2007, Appellant moved to reopen her Chapter 7 case for the second time, and on February 20, 2007, Bankruptcy Judge Bernstein reopened Appellant's case.

Appellant argued that the Bankruptcy Court should now grant her attorneys' fees and costs because Appellant had exhausted all of her administrative remedies by way of the November 4, 2006 letter, and there were no remaining administrative remedies available to her. Additionally, Appellant argued that the IRS's denial of Appellant's claim as untimely was unwarranted because there was no time limit for filing an administrative claim. According to Appellant, although 26 C.F.R. § 301.7433-2 states that a "[p]etition for damages . . . must be filed in bankruptcy court within two years after the date the cause of action accrues," Appellant complied with this provision because she filed her claim in bankruptcy court within two years of her cause of action. She argues that the statute refers only to the time for filing in bankruptcy court, and makes no reference to the time for filing a claim with the IRS.

The Bankruptcy Court rejected Appellant's arguments. The Court read the statute as requiring Appellant to submit her claim and file a petition with the Bankruptcy Court within two years of the date the action accrued, which would have been June of 2005. Bankruptcy Judge Bernstein held that Appellant's interpretation of

5

the relevant statutes was "flawed, because it fail[ed] to recognize the exhaustion requirement as a jurisdictional prerequisite." The Bankruptcy Court applied the well-known doctrine that when Congress attaches conditions to legislation waiving sovereign immunity, the conditions are to be strictly applied, and held that "[d]ispensing with the mandated sequence of procedural events [would] render[] the administrative remedies meaningless." (June 2007 Order p.5).

Appellant then filed a motion pursuant to Federal Rule of Civil Procedure 59(e) asking the Bankruptcy Court to amend its prior holding. Kuhl argued that her May 28, 2003 adversary complaint provided sufficient notice to the IRS of Kuhl's claims, and thus satisfied exhaustion. The Bankruptcy Court denied Appellant's request, holding that "the filing and service of a complaint for an exception to the discharge cannot be deemed to be the initiation of a timely exercise of a non-judicial administrative remedy." This appeal followed.

Appellant limits her appeal to one issue only: whether she property exhausted her administrative remedies. On this appeal, Kuhl does not argue that the IRS's rejection of the November 4, 2006 claim as untimely was unwarranted. Rather, she argues that she exhausted her administrative remedies because she filed her May 28, 2003 adversary complaint with the Local Insolvency Unit of the IRS at the Eastern District in New York, and in any case, she exhausted her remedies with the November 4, 2006

6

notice of claim. The IRS ("Appellee") argues that Appellant's claims are time-barred because she did not exhaust and file her claim with the Bankruptcy Court within two years, Appellant's claims are barred by res judicata, and the Bankruptcy Court's Order must be affirmed for Appellant's failure to exhaust administrative remedies.

DISCUSSION

I. Standard Of Review

"When reviewing a decision made by the Bankruptcy Court, the district court applies the de novo standard of review for questions of law and the 'clearly erroneous' standard of review for questions of fact." In re Nemko, Inc., 202 B.R. 673, 677 (E.D.N.Y. 1996). "Whether the bankruptcy court has jurisdiction to award damages is a question of law, and therefore, reviewed de novo." In re Bulson, 117 B.R. 537, 539 (9th Cir. 1990).

II. The May 2003 Adversary Complaint

Appellant first argues that she exhausted her administrative remedies because her May 28, 2003 adversary complaint was timely received by the IRS and provided actual notice to the IRS's Chief of the Brooklyn Insolvency Unit of Appellant's claims, and the May 28, 2003 adversary complaint was also timely filed in the Bankruptcy Court. Appellant argues that the notice specifically stated that Kuhl was seeking attorneys' fees for the IRS's willful violation of the discharge injunction, and thus the

7

IRS was on notice of Appellant's claims within the appropriate two year time-frame.

In support of this argument, Appellant block quotes from <u>Amwest Sur. Ins. Co. v. United States</u>, 28 F.3d 690, 697 (7th Cir. 1994), and several district court cases citing to <u>Amwest</u>. In <u>Amwest</u>, the Seventh Circuit Court of Appeals held that the plaintiff had failed to exhaust its administrative remedies, but recognized that "[i]f the record . . . demonstrated that the proper person in the IRS had assumed control of [the plaintiff's] request[,]" the court might have reached a "a different result." <u>Id.</u> Appellant argues that in this case, the proper person in the IRS had notice of her claim, and thus she properly exhausted her administrative remedies. The Court finds that Appellant's argument is not barred by res judicata, as Appellee argues, but is barred by the mandate rule, and in any case, is flawed.

   A.   <u>Res Judicata</u>

Appellee argues that Appellant could have made her arguments regarding the May 28, 2003 adversary complaint before the Second Circuit, but she failed to do so, and since the Second Circuit has already decided the issue of exhaustion, Appellant's arguments are barred by <u>res judicata</u>.

The doctrine of <u>res judicata</u> prevents a party from relitigating issues in a subsequent litigation that were or could have been brought in a prior action. <u>Allen v. McCurry</u>, 449 U.S.

90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of res judicata applies if "(1) there is a previous adjudication on the merits; (2) the previous action involved [defendant] or its privy; and (3) the claims involved were or could have been raised in the previous action." Whelton v. Educ. Credit Mgmt. Corp., 432 F.3d 150, 155 (2d Cir. 2005) (citing Monahan v. N. Y. City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)).

It is well established that the defense of res judicata may be raised on appeal, even if it was not raised in an earlier proceeding. See King v. Fox, 418 F. 3d 121, 131 (2d Cir. 2005) (holding that the court is permitted to hear res judicata claims for the first time on appeal); see also Salahuddin v. Jones, 992 F. 2d 447, 449 (2d Cir. 1993). It is also well established that the Court may, though it is not obligated to, raise the defense of res judicata sua sponte on appeal. See New Phone Co., Inc. v. N. Y. City Dep't of Info. Tech. and Telecomm., No. 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, at *55 (E.D.N.Y. Oct. 5, 2007) ("even when a party has failed to assert an affirmative defense . . . such as a res judicata defense, a court may nonetheless consider such an affirmative defense sua sponte.").

However, the doctrine of res judicata is not available to Appellant because there has not been a final adjudication on the merits. Appellant's action was remanded by the Second Circuit for dismissal due to a lack of subject-matter jurisdiction. Dismissal

for lack of subject matter jurisdiction is not an adjudication on the merits, and does not permit the defense of res judicata to be raised. See St. Pierre v. Dyer, 208 F. 3d 394, 399-400 (2d Cir. 2000) ("a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and hence has no res judicata effect."). Since there has not been a final adjudication on the merits of Appellant's claim, the defense of res judicata may not be raised.

B. The Mandate Rule

Although Appellant's claims are not barred by res judicata, they are barred by the mandate rule. In this case, the Second Circuit heard all arguments regarding the exhaustion of administrative remedies, and reversed and remanded for this Court to remand to the Bankruptcy Court with instructions to dismiss the case for lack of jurisdiction. The mandate was limited in scope, and solely required this Court to remand on jurisdictional grounds. Similarly, this Court remanded to the Bankruptcy Court to dismiss solely on jurisdictional grounds. Neither this Court nor the Bankruptcy Court had the authority to hear new arguments on the very same issue that the Appellate Court has already ruled on. The Second Circuit has already ruled that Appellant did not exhaust her administrative remedies, and any argument based on her 2003 complaint could have, and should have, been made before the Second Circuit.

The mandate rule "holds that 'where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court.'" Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (quoting United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993)). "In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." Id. An exception to this rule lies where a party raises an issue that was not part of the appellate decision; in such cases, "a trial court may consider the matter." Id. (quoting Minicone, 994 F.2d at 89). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader 'spirit of the mandate.'" United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (quoting United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991)).

Here, the Second Circuit clearly decided the issue of whether Appellant exhausted her administrative remedies; in fact, the issue of subject matter jurisdiction was raised for the first time on appeal to the Second Circuit. At the time of the proceedings before the Second Circuit, Appellant was fully aware of her adversary complaint, and could have raised this argument before the Circuit Court, but she failed to do so. The Second Circuit's mandate here was "strictly ministerial," see Burrell, 467 F.3d at

11

166, and remanded for this Court to dismiss for lack of jurisdiction. Appellant may not circumvent the holding of the Second Circuit by making new arguments on remand that were fully available to her before the appellate court. "The Second Circuit has spoken on the issue of raising new arguments on remand: 'It has become almost a judicial commonplace to say the litigation must end somewhere, and we reiterate our firm belief that courts should not . . . casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case." Sompo Japan Ins. Co. v. Union Pac. R.R., No. 03-CV-1604, 2007 U.S. Dist. LEXIS 58162, at *10 (S.D.N.Y. July 30, 2007) (quoting United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977)). Here, the issue of exhaustion clearly has been litigated, and it is time to close the door on Appellant's endless cycle of arguments regarding exhaustion.

Likewise, the Bankruptcy Court erred in hearing Appellant's new arguments regarding administrative remedies. As above stated, these arguments were available to Appellant at the Second Circuit, and should not have been made on remand before the Bankruptcy Court.[1] Thus, the Court finds that Appellant had an

---

[1] Moreover, Appellant not only improperly raised an argument that should have been raised on her appeal, she raised this argument in a motion for reconsideration of the Bankruptcy Court's June 2007 Order. "[A] motion to reconsider will generally be denied 'unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the

12

opportunity to argue that her 2003 adversary complaint sufficiently exhausted her administrative remedies, yet she failed to do so. The Court will not grant Appellant an opportunity to make an argument that she did not have the foresight to make earlier.

    C.    <u>Appellant's Argument Lack Merit</u>

Even if the Court were to find that Appellant properly made her argument before the Bankruptcy Court, the Court would still find that Appellant's argument lacks merit. Appellant essentially argues that her 2003 adversary complaint serves as both an administrative claim, because it gave the IRS notice of her claims, and as a timely filed bankruptcy court claim. The Court rejects this argument.

Congress has explicitly stated that "no action . . . shall be maintained in any bankruptcy court before the earlier of the following dates – (i) The date the decision is rendered on a [administrative claim] claim filed in accordance with paragraph (e) of this section; or (ii) The date that is six months after the date an administrative claim is filed in accordance with paragraph (e)

---

conclusion reached by the court.'" <u>Wechsler v. Hunt Health Sys.</u>, 2004 U.S. Dist. LEXIS 19757 (S.D.N.Y. Sept. 30, 2004) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995)). Here, the Bankruptcy Court should not have reviewed new arguments that were available to Appellant prior to the Bankruptcy Court's decision in its June 2007 Order.

13

of this section." 26 C.F.R. § 301.7433-2. Both subsections of the statute require the filing of an administrative claim <u>prior</u> to bringing an action in the bankruptcy court. A claimant either files an administrative claim, and then waits for a decision, or files a claim and initiates her court action six months thereafter. Neither provision authorizes a claimant to file a bankruptcy court action without first filing an administrative claim, and then argue that the bankruptcy court complaint serves as both an administrative claim and an action in the bankruptcy court. This argument is flawed and defeats the purpose of requiring a party to file an administrative claim <u>prior</u> to bringing a court action.

If the Court were to accept Appellant's argument, all litigants would be able to circumvent exhaustion requirements by filing bankruptcy proceedings and then arguing that the complaint should be deemed as exhaustion of administrative remedies because it provided notice of the litigant's claims. This oversteps Congress's limited waiver of sovereign immunity. As the Supreme Court has stated, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." <u>Lane v. Pena</u>, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996); <u>see also</u> <u>United States v. Williams</u>, 514 U.S. 527, 531, 115 S. Ct. 1611, 131 L. Ed. 2d 608 (1995) (noting that ambiguities in a waiver to sovereign immunity should be construed to favor immunity).

Finally, Appellant misconstrues Amwest. In Amwest, the court merely stated, in dicta, that if there were evidence that someone at the IRS received the plaintiff's request, the Court might have held that the plaintiff exhausted his administrative remedies. Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 697 (7th Cir. Ind. 1994) ("If the record before us demonstrated that the proper person in the IRS had assumed control of Amwest's request we might have a different result."). This line of reasoning holds that if there is evidence that the IRS had adequate notice of an administrative claim, then the court may be able to hold that administrative remedies were exhausted, because in such situations, the IRS was in a position to apply its expertise and correct its errors internally before resorting to the courts. A bankruptcy complaint is not the type of notice envisioned in Amwest. Contrary to the letters written in Amwest, which may have constituted notice, the filing of a bankruptcy complaint indicates that a litigant has already initiated court proceedings. Allowing a claimant to use a court proceeding as notice of a claim defeats "the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." McCarthy v. Madigan, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992); see also Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 59 (2d Cir. 1994) (holding that one of the

primary purposes of exhaustion is the resolution of issues "through the agency's specialized expertise, prior to judicial consideration of the legal claims.").

Accordingly, the Court rejects Appellant's argument that she exhausted her administrative remedies by filing her May 28, 2003 adversary proceedings.

III. The November 4, 2006 Administrative Claim

Appellant next argues that she exhausted her administrative remedies because she filed an administrative claim on November 4, 2006, which was rejected by the IRS as untimely. The Court notes that this argument is properly before the Court because Appellant filed the November 2006 claim after the Second Circuit's proceedings, and thus Appellant would not have been able to make this argument before the Second Circuit.[2]

Nonetheless, the Court rejects Appellant's argument. Although Appellant attempted to file her administrative claim, such notice was rejected as untimely.[3] An administrative claim rejected

---

[2] Appellant's brief does not raise the argument that her November 2006 claim exhausted administrative remedies; rather, Appellant makes this argument for the first time in her reply papers. Despite this procedural infirmity, the Court will nonetheless address this argument.

[3] Appellant does not argue on this appeal that the IRS's dismissal on timeliness grounds was unwarranted. Nonetheless, the Court has reviewed the Bankruptcy Court's Order, and agrees that Appellant's administrative claim was appropriately denied as time-barred by the statute of limitations set forth in 26 C.F.R. § 301.7433-2(g).

on timeliness grounds does not constitute exhaustion. See Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (holding that in the context of the Prisoner Litigation Reform Act, "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy . . . [the] exhaustion requirement."); Baez v. Harris, No. 01-CV-0807, 2007 U.S. Dist. LEXIS 8728, at *3 (N.D.N.Y Feb. 7, 2007) ("The fact that plaintiff was foreclosed from exhausting the claim due to the passage of time does not, without more, excuse him from the administrative exhaustion requirement."); Paladino v. Potter, 2007 U.S. Dist. LEXIS 87832 (E.D.N.Y. Nov. 29, 2007) ("[P]laintiff's [Title VII] claims must be dismissed because plaintiff failed to timely exhaust her administrative remedies."). Because Appellant's November 2006 claim was rejected as untimely, Appellant's claim remains unexhausted.

## CONCLUSION

For the reasons stated above, the decisions of the Bankruptcy Court are AFFIRMED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
            September  30 , 2008

17